# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MARTIN L. HATTON,**

    **Petitioner,**

  v.                                **CASE NO. 2:00-CV-427**
                                                **JUDGE MARBLEY**
**WANZA JACKSON, Warden,**               **MAGISTRATE JUDGE KING**

    **Respondent.**

## ORDER

On September 5, 2001, final judgment was entered dismissing the instant habeas corpus petition under 28 U.S.C. §2254. Doc. No. 18. On April 3, 2002, the United States Court of Appeals for the Sixth Circuit dismissed petitioner's appeal pursuant to his own request. Doc. No. 27. Petitioner subsequently filed a successive habeas corpus petition, which was transferred to the United States Court of Appeals for the Sixth Circuit as a successive petition. *See Hatton v. Jackson*, Case No. 2:04-CV-1154 (S.D. Ohio). Invoking Federal Rule of Civil Procedure 60(b), petitioner now asks this Court to vacate the final judgment of dismissal entered in this case so that he may file a habeas corpus petition that raises new claims. For the reasons that follow, petitioner's motion, Doc. No. 28, is **DENIED.**

Federal Rule of Civil Procedure 60(b) provides in relevant part:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or

excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Even assuming that petitioner's motion, filed more than seven years after final judgment of dismissal, is timely, the record reflects no basis for relief. Petitioner requests this Court to vacate final judgment of dismissal so that he now may raise new grounds for relief; however, petitioner must seek authorization for the filing of a successive petition from the United States Court of Appeals for the Sixth Circuit. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); 28 U.S.C. §2244(b)(3)(A). *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)(*per curiam*).

Therefore, petitioner's motion, Doc. No. 28, is **DENIED.**

    **IT IS SO ORDERED.**

    *s/Algenon L. Marbley*
    ALGENON L. MARBLEY
    United States District Judge